**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PRESTON L. CHAPMAN and** | : | |
| **SONYA CHAPMAN,** | : | |
| **Plaintiffs,** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | |
| | : | **NO. 05-1312** |
| **DELAWARE COUNTY TAX** | : | |
| **CLAIM BUREAU, ET AL.,** | : | |
| **Defendant.** | : | |

<u>**MEMORANDUM AND ORDER**</u>

**Tucker, J.**                                                                                      **July 24, 2007**

Presently before this Court is Defendants Delaware County Tax Claim Bureau and Delaware County Sheriff's Motion for Summary Judgment (Doc. 26), Plaintiffs' Response (Doc. 30) and Defendant's Reply (32).  For the reasons set forth below, upon consideration of the parties' submissions, this Court will grant Defendants' Motion for Summary Judgment.

<u>**BACKGROUND**</u>

From the evidence of record, taken in a light most favorable to the Plaintiffs, the pertinent facts are as follows.  In March 1985, Plaintiff Preston Chapman and Defendant Nicholas Fleming, entered into a written Installment and Sale Contract/Lease (the "Contract) for the sale and purchase of property located at 401 Flower Street, Chester, Pennsylvania (the "Flower Street Property"). Thereafter, Plaintiffs began operating a business from the Flower Street Property.  Plaintiffs therefore claim to have taken open visible and continuous possession over the Property for more than twenty (20) years.

Plaintiffs aver that pursuant to the terms of the Contract they tendered all payments to Defendant Fleming, but Defendant Fleming and another seller, Robert Bove, failed to remit the deed

to Plaintiffs.[1]  Nevertheless, during the term of the Contract, Plaintiffs' began paying the real estate

taxes on the Property.  However, when the deed was not transferred after maturation of the Contract,

Plaintiffs consulted Leo Hackett, Solicitor of Delaware County.[2]  According to Plaintiffs, Hackett

"represented" that Plaintiffs should not pay taxes on the Property since Defendant Fleming and seller

Bove remained record owners.  (Am. Compl. ¶ 19.)  Plaintiffs thereafter ceased paying taxes on the

Property.

The Flower Street Property was also at times addressed as 408 Abbott Street, Chester,

Pennsylvania, in City of Chester and the County of Delaware records.  In January 2002, the property

known as 408 Abbott Street was sold at a tax sale to Gregory Dixon.  Dixon thereafter commenced

an action in ejectment against Plaintiffs.  In March 2003, Plaintiffs filed a Petition to set aside the

Tax Sale with regard to the addition of the 401 Flower Street in tax sale deed.  Plaintiffs' then

counsel's failed to appear.  Accordingly, in April 2003,  the Honorable Edward Zetusky issued an

Order denying Plaintiffs' Petition for failure to appear.  Thereafter the action for ejectment proceeded

to trial before the Honorable George Pagano is Delaware County.  Judge Pagano heard testimony

from Mr. Chapman regarding his defense that the party was not properly sold to Dixon at the tax

sale.  During the trial, the Chapmans' then counsel advised the court that the Chapmans did not have

ownership of the property, and instead that they had a lease purchase agreement for 401 Flower

Street with the prior owner.  (Def.'s Reply Ex. D 10.)  Argument was made that posting occurred for

408 Abbot Street not the Flower Street property and that there were two separate parcels, thus not

---

[1] Robert Bove is now deceased.

[2] Defendant Hackett's Motion to Dismiss was granted on September 6, 2007, thus all claims against him were terminated as of that date.

*res judicata* as to the ownership of the Flower Street Property.  (Def.'s Reply Ex. D 12-14; 88-93.)

During trial, Mr. Dixon testified and presented evidence of merger of the two parcels.  (Def.'s Reply

Ex. D 37-38.).  At the conclusion of trial, Judge Pagano issued a verdict specifically holding that:

1.     Gregory Dixon, was the owner of the real property known as 401 Flower Street, Chester, Pennsylvania, also known as 408 Abbott Street, Chester, Pennsylvania.

2.     Preston Chapman has no legal right title or interest to be in possession of the subject real property.

This present cause of action was commenced following the decisions of Judges Zetusky and

Pagano.

## **LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories,

and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any

material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P.

56(c).  An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for

the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  A factual dispute is

"material" if it might affect the outcome of the case under governing law.  Id.

A party seeking summary judgment always bears the initial responsibility for informing the

district court of the basis of its motion and identifying those portions of the record that it believes

demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317,

322 (1986).  Where the non-moving party bears the burden of proof on a particular issue at trial, the

movant's initial Celotex burden can be met simply by "pointing out to the district court that there

is an absence of evidence to support the non-moving party's case."  Id. at 325.  After the moving

party has met its initial burden, "the adverse party's response, by affidavits or otherwise as provided

in this rule, must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV.

P. 56(e).  That is, summary judgment is appropriate if the non-moving party fails to rebut by making

a factual showing "sufficient to establish the existence of an element essential to that party's case,

and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.  "[I]f the

opponent [of summary judgment] has exceeded the 'mere scintilla' [of evidence] threshold and has

offered a genuine issue of material fact, then the court cannot credit the movant's version of events

against opponent, even if the quality of the movant's evidence far outweighs that of its opponent."

Big Apple BMW, Inc. v. BMW of North America, Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).  Under

Rule 56, the Court must view the evidence presented on the motion in the light most favorable to the

opposing party.  Anderson, 477 U.S. at 255.

## DISCUSSION

Plaintiffs'  Amended Complaint alleges that: 1) due to the inadequate posting of notices

regarding the sale of the Flower Street Property by Defendants, the resulting execution of the

property violates Plaintiffs' right to due process under the 14th Amendment; 2) in failing to properly

post notice of the tax sale, Defendants deprived Plaintiffs of their rights, privileges and immunities;[3]

3) Plaintiffs have been in actual, continuous, visible, notorious and hostile possession of the Flower

Street property for twenty -one (21) years and thus have acquired title; and 4) the mortgage

agreement was satisfied and this Court should quiet title in their favor.

Defendants claim an entitlement to summary judgment on Plaintiffs' Amended Complaint.

First Defendants contend that ownership and identity of the property was previously determined by

---

[3]  This claim is made pursuant to 42 U.S.C. § 1983

the Court of Common Pleas of Delaware County pursuant to the Orders of Judge Zetusky and Judge Pagano; thus, Plaintiffs are prohibited from arguing the validity of the tax sale or asserting damages stemming from the sale of the property under the principles of *res judicata* and collateral estoppel. Second, Defendants aver that Plaintiffs are precluded from asserting any claim of ownership or interest in the Property or any claim of damages from the transfer of the Property pursuant to the Rooker-Feldman Doctrine. Third, Defendants argue that Plaintiffs' complaint was not properly served and should be dismissed. Fourth, Defendants state that under existing federal and state law, Plantiffs cannot assert sufficient evidence to establish a claim for relief under the Fourteenth Amendment of the Federal Constitution. Finally, Defendants claim that Plaintiffs' complaint is time-barred.

Plaintiffs respond that to the extent that the rulings of Judges Zetusky and Pagano can be considered final rulings that Dixon owns the property, damages nevertheless arose in favor of Plaintiffs. Furthermore, if the rulings by the state court judges preclude Plaintiffs from challenging the tax sale deed and Dixon's ownership, Plaintiffs aver that they should be able to proceed in this action under their claim for damages.

The Rooker-Feldman Doctrine prevents district courts from "sit[ting] in direct review of the decisions of a state tribunal" because Congress has conferred jurisdiction to review a state court's decision only on the Supreme Court. See Exxon Mobil Corp. et al. v. Saudi Basic Industries Corp., 364 F.3d 102, 104 (3d Cir. 2004). Federal Courts may not review claims that are "inextricably intertwined" with a state court decision. Id. A claim is "inextricably intertwined" with a state court adjudication when "federal relief can only be predicated upon a conviction that the state court was wrong." Marran v. Marran, 376 F.3d 143, 150 (3d Cir. 2004). The United States Court of Appeals

for the Third Circuit has explained that "[a] federal claim is inextricably intertwined with an issue adjudicated by a state court when: (1) the federal court must determine that the state court judgment was erroneously entered in order to grant the requested relief, or (2) the federal court must take an action that would negate the state court's judgment." Knapper v. Bankers Trust Co., 407 F.3d 573, 581 (3d Cir. 2005) (quoted case omitted) (case applying Rooker-Feldman Doctrine involving default judgment in mortgage foreclosure action).  In other words, Rooker-Feldman does not allow a plaintiff to seek relief that, if granted, would prevent a state court from enforcing its orders.  Id.

This Court cannot review Plaintiffs' cause of action due the prohibitions set forth in the Rooker-Feldman Doctrine.  Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).  Contrary to Plaintiffs' characterization of their claim as one for damages stemming from the state trial court's orders, the Amended Complaint alleges causes of action for adverse possession and to quiet title.  These claims are most apparently an effort to regain ownership of the Flower Street Property.  A ruling by this Court that Plaintiffs are the owners of the Flower Street Property would necessitate a ruling that the state court judgment was erroneously entered and would necessarily negate the rulings of both Judge Zetusky and Judge Pagano.  The Court agrees with Defendants' assertion that, should this Court permit Plaintiffs to proceed, a verdict permitting Plaintiffs to recover damages necessarily requires a declaration that the state court incorrectly held that the tax sale was improper.  Since Plaintiffs' claims are inextricably intertwined with the rulings of state court decisions, this Court may not sit in review.

## **<u>CONCLUSION</u>**

For the foregoing reasons, Defendants' Motion for Summary Judgment is granted.

Judgment is entered in favor of the Defendants and against the Plaintiffs for summary judgment on

Plaintiffs' claims.  An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PRESTON L. CHAPMAN and** | : | |
| **SONYA CHAPMAN,** | : | |
| **Plaintiffs,** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | |
| | : | **NO. 05-1312** |
| **DELAWARE COUNTY TAX** | : | |
| **CLAIM BUREAU, ET AL.,** | : | |
| **Defendant.** | : | |

**ORDER**

**AND NOW**, this ____ day of July, 2007, upon consideration of Defendants
Delaware County Tax Claim Bureau and Delaware County Sheriff's Motion for Summary
Judgment (Doc. 26), Plaintiffs' Response (Doc. 30) and Defendants' Reply (32), **IT IS
HEREBY ORDERED** and **DECREED** that Defendants' Motion for Summary Judgment is
**GRANTED**.

The Clerk of the Court shall mark the above-captioned case **CLOSED**.

**BY THE COURT**:

**/s/ Petrese B. Tucker**

_____
**Hon. Petrese B. Tucker, U.S.D.J.**

8